In the Matter of the Account of Alexander Laughlin, Executor of Samuel Logan, deceased.

#### APPEAL.

S. L., after directing in his will that all his just debts and funeral expenses should be paid, devised to his wife, during her life, "the one-third part of the clear annual income of his estate, whether the same be more or less, or increased or diminished during her life." *Held*, that the widow took the one-third of the balance of rents after payment of the debts out of the same.

This was an appeal from the definitive decree of the Orphans' Court of Alleghany county, (by Alexander Boyd and Mary his wife, late Mary Logan, widow of said Samuel Logan, deceased,) comprising the auditor's report, distributing the amount in the hands of the executor after the payment of all debts, being the sum of $1920 47. Samuel Logan died July, 1832, seised of a valuable salt well in Alleghany county, which the executor leased from time to time, and received the rents of the same. This was the only property owned by the testator at the time of his death.

The amount of rent received by the executor was $5526 39; the amount of debts $3605 92.

Testator, after appointing Alexander Laughlin his executor, with full powers to carry into effect the provisions of his will, directs as follows:

"2d. I devise to my said executor and his executors and administrators, all my estate, real, personal, and mixed, wherever situated, upon the following trusts and provisions, namely, 1st, To pay all my just debts and funeral expenses; and 2d, To carry the provisions of this will into full effect, and to that end I give my executor full and ample powers, &c.

"3d. I give to my wife Mary, to be enjoyed for and during her natural life, the one equal third part of the clear annual income of my estate, whether the same be more or less, or whether the same shall be increased or diminished during her life. This provision to my wife is charged upon and payable out of that portion of my estate which is hereafter devised to my son James S. Logan, now an infant, and is to be paid half-yearly by the guardian herein named, or as the same shall come to his hands. I give to my wife all my household furniture.

"4th. I give and devise to my infant son James S. Logan a portion of my estate, an equal one-third and one-fourth of all the whole estate for ever; subject, however, to the above charge on the same for the benefit of his mother."

The auditors, to whom the account was referred, made distribution of the balance remaining after payment of the debts of testator, allowing to the widow the one-third of said balance. To this appellants excepted, and claimed for the widow the one-third of the estate discharged of the debts of the testator.

*Hampton*, for plaintiff in error, cited 4 Yeates, 526 ; 11 Serg. & Rawle, 252 ; 1 Roper on Leg. 297, 298 ; 4 Ves. 33 ; 2 Ves. 665.

*Metcalfe*, contrà, cited Pow. on Mortg., chap. 11 and 312, note m ; 1 Story Eq. 465, sect. 487 ; 5 Ves. 107 ; 9 Ves. 37 ; 17 Ves. 485.

*Shaler*, in reply.

The opinion of the court was delivered by Rogers, J.

The exception to the decree is, that the court has not given to the widow the one equal third part of the clear annual income of the estate. The appellant contends that she is entitled to a third of the estate, discharged of the debts of the testator. But we agree with the auditor, that it was intended the debts should be first paid, and the residue divided among the widow and devisees. "The testator gives to his wife Mary, to be enjoyed for and during her natural life, the one equal third part of the clear annual income of his estate, whether the same be more or less, or whether the same shall be increased or diminished during her life." That there is no peculiar force in the words clear annual income appears from this, that he uses the same terms in speaking of the legacies to his other devisees ; so that, apart from other parts of the will, the fair interpretation would be the net income after paying all just charges against the estate. And this construction is put beyond doubt by the first part of the will. "The testator devises to his executors, &c., all his estate, real, personal, and mixed, wherever situated, upon the following trusts and provisions, viz. : To pay all his just debts and personal expenses ; and secondly, To carry the provisions of his will into full effect." There is nothing equivocal in these directions. The first duty of the executor is to pay the debts and personal expenses, and after this duty is performed, he is required to carry the subsequent provisions, among which the most prominent is the devise to the wife, into full effect. The wife is a purchaser, but by accepting the devise in lieu of dower, she assents to take according to the intention of the testator. This is the law of the contract binding on her by her own consent. Price *v.* Johnson, 4 Yeates, 526, was an intestacy, and in that essential particular rules this case, which depends entirely on the construction of the will, which, as in every other case, is governed by the intention of the testator.        Decree affirmed.